JANE O. WALSH AND SARITA POWELL, PLAINTIFFS-APPELLANTS, v. CITY OF ASBURY PARK, A MUNICIPAL CORPORATION OF THE COUNTY OF MONMOUTH, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued June 8, 1953—Decided July 1, 1953.

436

Before Judges GOLDMANN, SMALLEY and SCHETTINO.

*Mr. Ward Kremer* argued the cause for plaintiffs-appellants.

*Mr. Sidney J. Meistrich* argued the cause for defendant-respondent.

The opinion of the court was delivered by

SCHETTINO, J. S. C. (temporarily assigned). This is an appeal from a summary judgment entered for defendant on proceedings attacking the validity of a local improvement.

On January 2, 1951, the City of Asbury Park adopted an ordinance authorizing the acquisition, as a local improvement, of certain lands to provide parking facilities, pursuant to the provisions of *Chapter* 261 *of the Laws of* 1949 (*N. J. S. A.* 40:56–1.1, 1.2, and 1.3).

The ordinance estimated the maximum amount to be raised from all sources at $246,500 and provided for the issuance of bonds to raise $234,500 thereof, the difference having been provided by budget appropriation. The bonds

were issued and sold, a substantial part of the real property described was acquired and improved, and as of the date of the institution of these proceedings, the property so acquired was in use as a public parking area.

Plaintiffs own land authorized to be acquired by the ordinance. On August 4, 1952, plaintiffs were notified that on August 14, 1952 the general board for making assessments for benefits would take testimony for the purpose of making an award for the real estate owned by plaintiffs. On August 13, 1952 plaintiffs filed their complaint in the Law Division of the Superior Court.

The complaint alleged that defendant "has not and will not acquire" certain other lands embraced in the ordinance; "now seeks to abandon a portion of the improvement therein described without repealing the said improvement ordinance" in violation of *R. S.* 40:56–9; "has in fact violated" the ordinance "by proceeding against the property of the plaintiffs and by abandoning its proceeding against the remaining property hereinabove described"; and "has no power nor legal authority to condemn a part of the property described in the ordinance without condemning the property therein described in its entirety." The complaint prayed that the ordinance "be set aside, made void and for nothing holden against these plaintiffs" and that further proceedings against them under the ordinance be restrained.

Defendant answered denying an intention to abandon any part of the project, and pleaded laches and *R. S.* 40:56–20.1, which provides that no review of an ordinance for any improvement shall be allowed after the contract therefor shall have been awarded.

The pretrial order spells out the issues in harmony with the foregoing resume of the pleadings. During the trial, defendant made a motion for summary judgment, upon leave granted, and judgment was ordered upon the ground of laches.

Plaintiffs urge their attack is not addressed to the ordinance as originally adopted, nor to the validity of the bond issue, nor to the contract for the improvement of the area,

but rather that they seek a declaration of the invalidity of the ordinance as to them only, leaving the ordinance and the subsidiary proceedings otherwise undisturbed. Their emphasis is upon events subsequent to the adoption of the ordinance; as developed at the trial, they insist that the funds raised would be insufficient for the completion of the project, and that defendant, despite its disavowal of the purpose, must necessarily abandon the project as to some of the lands described in the ordinance for want of funds. It seems to us that the issue of laches and the bar of the cited statute depend ultimately upon the substantial merit of the attack made, because if the basis for relief asserted is legally sufficient, the timeliness of the suit would be measurable from the later developments, and so also the statutory bar would appear not to be controlling. We thus reach the question whether a basis for relief was charged.

██ Plaintiffs' case rests upon the asserted premise that a public improvement program, valid in its inception, becomes fatally defective if the estimated cost should prove less than that ultimately needed for the completion of the project, and that a property owner, as to whom funds are available and adequate, may intercept the program as to him because of an anticipated shortage thereafter. It is apparent that if this view should be adopted, public improvements would be perilous adventures, and huge losses would be sustained by the collapse of partially completed projects. Faced with this realistic consideration, plaintiffs suggest that the difficulty would be obviated if all property acquisitions were simultaneous and the total costs thus ascertained at a given moment. But plaintiffs do not indicate how, as a practical matter, acquisitions by purchase and condemnation could be thus synchronized, and obviously they could not. One need but consider the application of the proposed rule to the acquisition of thousands of parcels for a turnpike to appreciate the impossibility of the proposal.

Plaintiffs cite no statute which so restricts an improvement program, and there would be no warrant for the judicial creation of the restriction. On the contrary, *N. J. S. A.*

40:56–1, which applies to the project in question, provides for amendments of ordinances for public improvements, and thus authorizes amendatory measures which subsequent developments may require. Hence, assuming the accuracy of plaintiffs' charge that the funds available will prove inadequate for the acquisition of lands owned by others, and their prediction that the program will be abandoned as to such other lands, nothing in those circumstances militates against the legality of the enforcement of the ordinance as to them.

Plaintiffs refer to *R. S.* 40:56–9 which authorizes the abandonment of an improvement where the aggregate awards for damages are so large as to make the improvement unwise in the judgment of the governing body, at any time before confirmation of any award to real estate to be taken thereunder. This section permits abandonment in the circumstances described, but neither requires simultaneous proceedings where more than one parcel is involved, nor prohibits amendments to meet changing conditions or errors in forecast.

Plaintiffs rely upon *Gehin v. Board of Com'rs of City of Newark*, 14 *N. J. Misc.* 121, 182 *A.* 869 (*Sup. Ct.* 1936). It was there held that the statutory mandate that an ordinance authorizing a bond issue contain "a statement of the maximum amount of money to be raised for the purpose" required a statement of the "sum of money known to be necessary to complete," and was not satisfied by a statement of a sum known to be less than that required, which required sum, in that case, would in fact have exceeded the debt limit. The case is not authority for the proposition that invalidity will set in when subsequent events reveal the forecast to have been imperfect.

There are reported instances of costs exceeding estimates, without suggestion of consequent illegality in the improvements, and although such instances are hardly of controlling influence, yet they do evidence the common acceptance of the existence of authority which is necessary for the sensible exercise of power to make improvements. See for example, *Buckingham Realty Co. v. Town of Montclair*, 8 *N. J. Misc.*

440

891, 152 *A.* 661 (*Sup. Ct.* 1930); *Moran v. Jersey City,* 58 *N. J. L.* 144 (*Sup. Ct.* 1895), affirmed 58 *N. J. L.* 653 (*E. & A.* 1896); *Kohler v. Town of Guttenberg,* 38 *N. J. L.* 419 (*Sup. Ct.* 1876).

█ At the trial, plaintiffs sought to advance the further claim that one member of general board for the making of all assessments for benefits, created by a later ordinance, was disqualified. The issue thus sought to be tendered went beyond the issues framed in the pleadings and pretrial order. The court was justified in declining to entertain it.

Judgment is affirmed.